April 28, 2014

The Honorable Linda Harper-Brown
Chair, Committee on Government
   Efficiency and Reform
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1054

Re: Whether state statutes that prohibit or void certain restrictive covenants affect covenants existing at the time the statutes are enacted (RQ-1161-GA)

Dear Representative Harper-Brown:

You ask three questions concerning the Legislature's authority to enact legislation that may impact property owners' association ("POA") covenants.[1] As background, you explain that the Eighty-second Legislature enacted Property Code section 202.010, which, in relevant part, prohibits a POA from including or enforcing "a provision in a dedicatory instrument that prohibits or restricts a property owner from installing a solar energy device." TEX. PROP. CODE ANN. § 202.010(b) (West Supp. 2013); Request Letter at 1. You note that "[q]uestions have been raised regarding what effect legislation like this has on existing POA covenants." Request Letter at 1. Your request, however, does not ask specifically about this statute but instead questions generally the effect that new legislation could have on existing contracts. *See id.*

You first ask whether POA covenants "receive protection under various portions of both state and federal constitutions . . ., and if so [whether] the Texas Legislature [must] afford POAs the same or greater protection than is given to these fundamental civil rights by the U.S. Supreme Court." *Id.* Your third question relatedly asks whether article I, section 29 of the Texas Constitution prohibits the Legislature from "pass[ing] legislation for the health, safety and welfare of the public" when doing so interferes with "areas that are protected by the Bill of Rights, specifically in reference to any legislation that may interfere with Article I, Section 16." *Id.* at 2. Because these questions both concern the constitutional prohibition on the impairment of contracts, we will answer them together.

POA covenants are treated as "contracts between parties." *Ostrowski v. Ivanhoe Prop. Owners Improvement Ass'n*, 38 S.W.3d 248, 252 (Tex. App.—Texarkana 2001, pet. denied).

---

[1] *See* Letter from Hon. Linda Harper-Brown, House Comm. on Gov't Efficiency & Reform, to Hon. Greg Abbott, Tex. Att'y Gen. at 1–2 (Oct. 28, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Article I, section 16 of the Texas Constitution provides that "[n]o . . . law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16; *see also* U.S. CONST. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts"). Article I, section 29 of the Texas Constitution further provides:

> To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

TEX. CONST. art. I, § 29.

Both the Texas Supreme Court and the United States Supreme Court have determined that the constitutional rule against impairment of contracts "may yield to statutes which are necessary to safeguard the public safety and welfare." *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 635 (Tex. 1996) (upholding the Edwards Aquifer Act against a challenge that it violated the Contract Clause of the Texas Constitution); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241 (1978) ("[T]he Contract Clause does not operate to obliterate the police power of the States."). In order to withstand a challenge under the Contract Clause, a state law that substantially impairs a contractual relationship must serve a "significant and legitimate public purpose," and the adjustment of the rights and responsibilities of the contracting parties must be based upon reasonable conditions and of a character appropriate to the public purpose justifying the adjustment. *Liberty Mut. Ins. Co. v. Tex. Dep't of Ins.*, 187 S.W.3d 808, 824–25 (Tex. App.—Austin 2006, pet. denied). A court reviewing the constitutionality of a statute challenged under the Contract Clause would begin with the presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *See HL Farm Corp. v. Self*, 877 S.W.2d 288, 290 (Tex. 1994). Whether any specific statute can withstand this scrutiny such that it could lawfully affect the rights established by a particular POA covenant will be for a court to determine.

In your second question you ask whether "Texas Property Code 202.006 [is] a bill of attainder" such that it is unconstitutional under "state and federal constitutions." Request Letter at 1. Section 202.006 of the Property Code provides:

> (a) A property owners' association shall file all dedicatory instruments in the real property records of each county in which the property to which the dedicatory instruments relate is located.

> (b) A dedicatory instrument has no effect until the instrument is filed in accordance with this section.

TEX. PROP. CODE ANN. § 202.006 (West Supp. 2013). Both the Texas and United States Constitutions provide that "[n]o bill of attainder . . . shall be made" by the Legislature. TEX. CONST. art. I, § 16; *see* U.S. CONST. art. I, § 9, cl. 3 ("No bill of attainder . . . shall be passed.").

Texas and federal courts define a bill of attainder as "a legislative act that applies to a named individual or to an easily identified member of a group in such a way as to inflict punishment without a trial." *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (*citing United States v. Lovett*, 328 U.S. 303, 315 (1946)).

"The proscription against bills of attainder reaches only statutes that inflict punishment on the specified individual or group." *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 851 (1984). Three inquiries are used to determine whether a statute inflicts punishment: "(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a congressional intent to punish." *In re Commitment of Miller*, 262 S.W.3d 877, 888 (Tex. App.—Beaumont 2008, pet. denied) (cert. denied) (*quoting Selective Serv. Sys.*, 468 U.S. at 852) (citation and internal quotation marks omitted).

With regard to the first inquiry, courts have recognized that a burden placed on citizens by a governmental authority does not necessarily equate to punishment. *See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 470 (1977). Historically, the list of punishments forbidden by the Bill of Attainder Clause has been limited to imprisonment, banishment, punitive confiscation of property and legislative bars to participation by individuals or groups in specific employments or professions. *Selective Serv. Sys.*, 468 U.S. at 852. Section 202.006 imposes none of the burdens historically associated with "punishment." With regard to the second inquiry, the burden imposed by section 202.006 requires property owners' associations to file all dedicatory instruments with the county in order to make them effective. TEX. PROP. CODE ANN. § 202.006(a) (West Supp. 2013). A court would likely conclude that this burden on property owners' associations furthers a nonpunitive purpose of ensuring that purchasers of real property have notice of the legal restrictions placed on that property prior to purchasing. Third, you have not directed us to, and we have not independently found, any suggestion that the Legislature intended to punish property owners' associations by enactment of section 202.006. Because it appears that none of the three punishment inquiries are met, a court would likely conclude that Texas Property Code section 202.006 is not a bill of attainder prohibited by the Texas or United States Constitutions.

## S U M M A R Y

Property owners' association covenants are treated as contracts between parties under Texas law and are therefore protected by the Contract Clauses of both the Texas and United States Constitutions. Both the Texas Supreme Court and the United States Supreme Court have determined that the constitutional rule against impairment of contracts may yield to statutes that serve a significant and legitimate public purpose.

A court would likely conclude that Property Code section 202.006 is not a bill of attainder prohibited by the Texas or United States Constitutions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee